[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12264
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00005-MCR-GRJ-1


UNITED STATES OF AMERICA,

                                        Plaintiff–Appellee,

                versus

RICHARD MITER,
a.k.a. Steve Miter,
a.k.a. Coolio,

                                        Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 9, 2011)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Miter was found guilty of conspiring to possess and distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841, 842, and 846. Before Miter was tried, the government filed an information under 21 U.S.C. § 851 to enhance his sentence based on an earlier drug conviction. With the enhancement, Miter was sentenced to 120 months' imprisonment to be followed by 8 years' supervised release. Miter appeals his sentence, which he argues was imposed in violation of his speedy trial rights under the Sixth Amendment, as well as his right to be promptly sentenced under Federal Rule of Criminal Procedure 32(b)(1) and the district court's local rules. Because we find that Miter has not suffered any prejudice, we affirm.

I.

Shortly after Miter was indicted, the government filed an information under 21 U.S.C. § 851 to enhance his sentence based on a 1995 felony conviction for possession and sale of cocaine. But that conviction was under an alias, Steve Meter. The government attempted to prove that the 1995 conviction was Miter's by comparing fingerprint records from that conviction with Miter's. During the trial, an expert from a state agency testified that the 1995 fingerprints were Miter's, but that was apparently insufficient to establish that the conviction was Miter's beyond a reasonable doubt. A second expert, from the Drug Enforcement

2

Agency, could not testify about the comparison during the trial due to an agency policy. That policy changed, and the district court continued the January 28, 2011 sentencing hearing until April 29, 2011 to allow the DEA expert to review the fingerprints and offer her opinion. Miter objected to the continuance.

At the April sentencing hearing, the DEA expert testified that the fingerprints from the 1995 conviction were Miter's. Miter then admitted that the 1995 conviction was his. After Miter's allocution, the district court imposed a 120-month sentence, the statutory minimum under 21 U.S.C. § 851. Miter now appeals and argues that the continuance violated his right to a speedy trial under the Sixth Amendment, as well as his right to be promptly sentenced under Federal Rule of Criminal Procedure 32 and the district court's local rules.

## II.

Our review of a Sixth Amendment speedy trial claim is mixed. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Villareal*, 613 F.3d 1344, 1349 (11th Cir. 2010). We have recognized that the constitutional speedy trial right applies to sentencing. *United States v. Howard*, 577 F.2d 269, 270 (5th Cir. 1978).[1] In that decision we noted

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), we adopted the decisions of the former Fifth Circuit as binding precedent.

that, although the balancing approach from *Barker v. Wingo*, 407 U.S. 514 (1972), should guide our analysis of sentencing-related speedy trial claims, delayed sentencing implicates different concerns than most speedy trial claims. *Id.* Under *Barker* a court examines four factors in deciding whether a speedy trial violation occurred. First, the length of the delay. Second, the reason for the delay. Third, the defendant's assertion of his speedy trial rights. And last, the prejudice to the defendant for the delay. *Barker*, 407 U.S. at 530.

Here, even if Miter established the first three factors in the *Barker* test, he is unable to establish prejudice. In his allocution, Miter admitted that the 1995 conviction was his, and that justified the imposition of the 120-month statutory minimum sentence under 21 U.S.C. § 851. Thus Miter's enhanced sentence was not attributable to the delay, but rather to his admission. For that same reason, Miter's claims that his delayed sentencing violated the Federal Rules of Criminal Procedure and the district court's local rules also fail. Non-constitutional errors are harmless when they do not affect a defendant's substantial rights. *United States v. Gamory*, 635 F.3d 480, 492 (11th Cir. 2011). And again, here Miter's admission, rather than the delay, resulted in his enhanced sentence.

**AFFIRMED.**